**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIXTY-THREE STRATEGIC
INVESTMENT FUNDS and PRESIDO
GROWTH LLC,

           Petitioners,

 and

J. PAUL REDDAM and CLARENCE
VENTURES, LLC,

           Intervenors-Appellants,

 v.

UNITED STATES OF AMERICA,

           Respondent-Appellee.

No. 15-15525

D.C. No. 3:05-cv-01123-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted May 18, 2017
San Francisco, California

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, WARDLAW, Circuit Judge, and BENCIVENGO,[**] District Judge.

J. Paul Reddam and his single-member LLC, Clarence Ventures (collectively "Reddam"), appeal the district court's grant of summary judgment to the government. We have jurisdiction pursuant to 26 U.S.C. § 6226(g) and 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we do not repeat them here.

Reddam and Clarence Ventures, LLC are intervenors in the underlying suit brought by Presidio Growth, LLC ("Presidio") on behalf of strategic investment funds (also LLCs) that were being investigated by the IRS for their participation in a tax shelter known as "Bond Linked Issue Premium Structure," or "BLIPS." Reddam participated in BLIPS by forming Clarence Ventures LLC, which invested in the Foraker Strategic Investment Fund ("Foraker"). Both Reddam and Clarence Ventures are "partners" in Foraker, 26 U.S.C. § 6231(a)(2), and Presidio was Foraker's tax matters partner.

Foraker filed its 1999 partnership tax return on April 13, 2000, so absent an extension of the statute of limitations, the IRS had until April 15, 2003, to issue a final partnership administrative adjustment ("FPAA"). 26 U.S.C. §§ 6223(a),

_____

[**] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

2

6229(a)(1). Reddam personally signed multiple consents, collectively extending the limitations period to June 30, 2008. 26 U.S.C. § 6229(b)(1). The IRS issued an FPAA to Presidio for Foraker on December 21, 2004, after the initial limitations period expired but within the extension granted by the consents.

Reddam argues, *inter alia*, that he relied on the advice of Carl Hasting, the man who originally sold the BLIPS investment strategy to him, when he decided to sign an extension of the limitations period, and that because Hasting came under investigation by the IRS for his BLIPS involvement, Hasting had a conflict of interest that invalidated the consent Reddam signed. The district court granted summary judgment to the government on the validity of the extensions, and Reddam appealed.

Reddam relies on *Transpac Drilling Venture 1982-12 v. Comm'r*, 147 F.3d 221 (2d Cir. 1998), for the proposition that an advisor's conflict of interest invalidates a taxpayer's own consent to extend a limitations period. However, *Transpac* is easily distinguishable because it does not address a situation in which a taxpayer signed a consent himself. *Twenty-two Strategic Investment Funds, et. al. v. Comm'r,* __ F.3d__ (9th Cir. 2017).

The evidence in the record demonstrates that Hasting was not advising Reddam when his power of attorney signed the first consent, but that Hasting was

3

advising Reddam when Reddam personally signed the second consent; that Hasting informed Reddam of a possible conflict of interest and Reddam understood and waived the same; and that Reddam personally signed five more extensions after terminating his relationship with Hasting. Although on summary judgment "all justifiable inferences are to be drawn in [ ] favor" of the non-movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the facts here do not support the inference that Hasting's potential conflict infected every extension of the limitations period Reddam personally signed. For this reason, the district court did not err in concluding that the consents Reddam signed to extend the limitations period for issuing an FPAA were not invalidated by Carl Hasting's alleged conflict of interest.

Because Reddam validly consented to extend the limitations period, the district court properly entered summary judgment. We need not, and do not, reach any other issue urged by the parties.

**AFFIRMED.**